**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA 57501-2463

IRVIN N. HOYT  
BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560  
FAX (605) 224-9020

January 10, 2007

A. Thomas Pokela, Esq.
Attorney for Plaintiffs
Post Office Box 1102
Sioux Falls, South Dakota  57101

Bradley G. Bonynge, Esq.
Attorney for Plaintiffs
100 South Spring Avenue, # 140
Sioux Falls, South Dakota  57104-3634

Al Arendt, Esq.
Attorney for Defendant-Debtor
Post Office Box 1077
Pierre, South Dakota  57501

Robert B. Anderson, Esq.
Attorney for Defendant 1st Auto &
  Casualty Insurance Company
Post Office Box 160
Pierre, South Dakota 57501-2571

>     Subject:  ***Edward Klich, et al. v. Donald R. Ludemann, et al.***
>               ***(In re Donald R. Ludemann and Mavis B. Ludemann)***
>               Adversary No. 06-1005
>               Chapter 7; Bankr. No. 05-10436

Dear Counsel:

    By their complaint, Plaintiffs Edward Klich, Carol Klich, and Angela Klich asked the Court to find their claim against Defendant-Debtor Donald R. Ludemann was nondischargeable under 11 U.S.C. § 523. Their complaint, however, did not identify the specific paragraph of § 523 under which Plaintiffs were seeking relief. Consequently, at the initial pre-trial conference, the Court invited counsel to submit briefs on the question of whether there were *any* grounds for relief under § 523(a). Plaintiffs and Defendant-Debtor submitted briefs, and the matter was taken under advisement.[1]

---

    [1] Defendant 1st Auto & Casualty Insurance Company, which did not intervene in this matter until two months after the initial

Re:  *Klich v. Ludemann*
January 10, 2007
Page 2


   This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052. As set forth below, Plaintiffs' complaint will be dismissed.

   In essence, the question before the Court is whether Defendants are entitled to judgment on the pleadings. In answering that question, the Court must accept as true the facts pled by Plaintiffs and must draw all reasonable inferences from those facts in Plaintiffs' favor. *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004). Defendants are entitled to a judgment in their favor only if there are no material facts in dispute and they are entitled to judgment as a matter of law. *Ibid.*

   The relevant facts pled by Plaintiffs are:

   (1)  Defendant-Debtor was the operator of a motor vehicle involved in a crash with another vehicle operated by Plaintiff Angela Klich.

   (2)  The crash resulted in catastrophic injuries to Plaintiff Angela Klich, including a diffuse brain injury confining her to a wheelchair and paralyzing her legs and arms. This injury greatly limits her ability to speak as well.

   (3)  The accident was the proximate result of the negligence of Defendant-Debtor in the following particulars:

      (a)  He failed to heed an intersection caution sign warning of the location of a dangerous intersection just over the hill he was cresting.

      (b)  He was traveling too fast for conditions.

      (c)  He was operating his vehicle while impaired by alcohol use.

      (d)  He was negligent in other unspecified ways.

---

pre-trial conference, was also given the opportunity to submit a brief but chose not to do so.

Re:  *Klich v. Ludemann*
January 10, 2007
Page 3

In their brief, Plaintiffs directed the Court's attention to 11 U.S.C. § 523(a)(9). As it existed on October 14, 2005, the date Debtors filed their chapter 7 petition, that section provided a discharge under 11 U.S.C. § 727 does not discharge an individual debtor from any debt –

> for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance.

11 U.S.C. § 523(a)(9).[2]

To determine whether a debtor was unlawfully operating a motor vehicle while intoxicated within the meaning of § 523(a)(9), the Court must look to state law. *Boone v. Barnes* (*In re Barnes*), 266 B.R. 397, 402-3 (B.A.P. 8th Cir. 2001). Under South Dakota law, "[n]o person may drive or be in actual physical control of any vehicle while . . . [u]nder the influence of an alcoholic beverage." S.D.C.L. § 32-23-1. If a person's blood alcohol content is .05% or less, however, "it is presumed that [person] was not under the influence of an alcoholic beverage." S.D.C.L. § 32-23-7; *State v. McDonald*, 421 N.W.2d 492, 496 (S.D. 1988).

In this case, the Court must accept as true Plaintiffs' allegation that Defendant-Debtor was operating his vehicle while impaired by alcohol use. However, to prevail under § 523(a)(9), Plaintiffs must show Defendant-Debtor was something other than "impaired." They must show he was "intoxicated" within the meaning of § 523(a)(9) and S.D.C.L. § 32-23-1. Plaintiffs pled no facts that would support such a finding.[3]

---

[2] In their brief, Plaintiffs quoted § 523(a)(9) as it existed prior to November 15, 1990, when it was amended to eliminate the requirement that the debt arise from a "judgment or consent decree entered in a court of record . . ." In his brief, Defendant-Debtor quoted § 523(a)(9) as it existed on October 17, 2005, when it was amended to add "vessel" and "aircraft" to the modes of transportation subject to § 523(a)(9).

[3] It is likely no such facts exist. In his brief, Defendant-Debtor claimed a blood alcohol analysis of his blood performed shortly after the accident showed his blood alcohol content was approximately .03%. He further claimed no criminal charges of any kind were filed against him in connection with the accident.

Re:  *Klich v. Ludemann*
January 10, 2007
Page 4


   The Court must also draw all reasonable inferences from the facts pled by Plaintiffs in their favor.  However, it would not be reasonable to infer from the fact Defendant-Debtor was "impaired" – which he might well have been, even if only slightly, after a single alcoholic beverage – he was therefore "intoxicated" within the meaning of § 523(a)(9) and S.D.C.L. § 32-23-1.  Thus, Plaintiffs cannot prevail on their complaint.

   The Court extends its deepest sympathies to Plaintiff Angela Klich and her family.  However, as discussed above, the law does not permit the Court to grant Plaintiffs the relief they have requested.  Defendants are entitled to judgment on the pleadings. The Court will enter an appropriate order.

                                        Sincerely,

                                        Irvin N. Hoyt
                                        Bankruptcy Judge

INH:sh

cc:  adversary file (docket original in adversary; serve copies on counsel)

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

---

Plaintiffs were given the opportunity to file a reply brief but chose not to do so, leaving Defendant-Debtor's claims unrebutted.